The President
delivered the opinion of the Court.
Some general questions have been discussed at the bar, upon the law respecting protested bills of exchange, such as, whether the Act of Assembly has not done away the whole custom of merchants on the subject of notice, and whether the holder may not, upon notice at any time, however remote, recover his principal money, although he may lose his damages. With these points, the Court think it unnecessary to meddle, except so far as they may concern the present case.
The Act of Assembly does not seem to interfere with the negociation of bills, but taking them up as negociated, and protested, proceeds to give the remedy for recovering their amount, leaving the point of their negociation to be decided upon the particular circumstances of each case. As to the diligence necessary to be used by the holder in giving notice of the protest, since that depended upon the situation of the parties, and of the countries between which the exchange was made, the Legislature, contemplating those circumstances, seem to have thought eighteen months a reasonable time for the whole negociation, *434 and for the giving of notice, by allowing full damages in case the notice be given within that time.
There may be particular circumstances, which would render a departure from this general rule reasonable and proper; and when they occur, the general rule may not be adhered to; but no such circumstances are state.d in the present case. The bill is dated in Philadelphia, on the 15th of March, 1787—indorsed in Virginia, but at what time does not appear. It was presented for acceptance about the 10th of June, and protested in September in the same year. Notice was given to the defendant in the latter end of June 1788, all within fifteen months from the date of the bill, and the question submitted by the jury is, whether this be reasonable notice. No facts being stated to take this case out of the general rule before mentioned, and established by the Act of Assembly, we are of opinion that the notice is reasonable.
As to the opinion of the District Court, respecting the insufficiency of the finding, it is no objection to a verdict, that enough is not found to answer the purpose of one of the parties, provided what is found, be clearly stated, which is the case in the present verdict. ■
Judgment of the District Court reversed, and that of the County Court affirmed.